IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

SAMUEL DAVIS,                )
                             )
    Plaintiff,               )
                             )    CIVIL ACTION NO.
    v.                       )      2:13cv840-MHT
                             )           (WO)
WILLIAM MARTIN SUMMLER,      )
an individual, and U GOT     )
MAIL TRANSPORTER, LLC.,      )
a corporation,               )
                             )
    Defendants.              )

## OPINION AND ORDER

This case is before the court on plaintiff Samuel Davis's motion for service by publication on defendant U Got Mail Transporter, LLC. Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure, through reference to Fed. R. Civ. P. 4(e)(1), allows service to be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this

case, the district court is located in Alabama but service will be made in Georgia.

Both Alabama and Georgia law allow for service by publication.  <u>See</u> Ala. R. Civ. P. 4.3; Ga. Code § 9-11-4(f)(1).  Based on the representations in Davis's motion, the court finds that he is entitled to serve U Got Mail by publication under both States' laws.

## I. FACTUAL BACKGROUND

This case, in which Davis has named not only U Got Mail but also William Martin Summler as defendants, arises out of a traffic collision in which Davis was allegedly struck by a tractor-trailer driven by Summler while Summler was acting in the employment of U Got Mail.

Before filing this lawsuit, Davis mailed a 'preservation letter,' via certified mail, to U Got Mail.  The letter was accepted.  Furthermore, someone at U Got Mail seems to have read to that letter because Davis was subsequently contacted by an insurer for the company.

However, when the court attempted to serve Davis's complaint by certified mail at the same address, the mail was not accepted. See Docket Text December 19, 2013) ("Mail Returned as Undeliverable ... etc."). Davis then hired a process server to effect service on U Got Mail, and the server tried on three occasions, all without success. Finally, the server provided affidavit testimony that he "[s]poke to [the] leasing office" and that "they stated that they had just moved so[me]one new into that apartment and they didn't have the last name of Perez," the last name of the registered agent for U Got Mail. Process Server Aff. (Doc. No. 10-6).

## II. ALABAMA LAW

Alabama law allows service by publication "[w]hen [1] a defendant avoids service <u>and</u> [2] that defendant's present location or residence is unknown <u>and</u> [3] the process server has endorsed the fact of failure of service and the reason therefor on the process and returned it to the clerk or where the return receipt

shows a failure of service." Ala. R. Civ. P. 4.3(c) (numbering and emphasis added); see <u>Am. Indoor Football Ass'n, Inc. v. Lockwood</u>, 267 F.R.D. 663, 666 (M.D. Ala. 2010) (Thompson, J.) (restating the three requirements).

Davis satisfies the first and third requirements: that he has been unable to serve U Got Mail and that the company has avoided service. As described above, U Got Mail had notice of this lawsuit but nonetheless refused to accept service by either certified mail or by process server.

Davis also satisfies the second requirement: that U Got Mail and its agent's location are unknown. He provides affidavit testimony from the process server that the leasing office at the address to which U Got Mail was registered said "that they had just moved someone new into that apartment and they didn't have the last name of" U Got Mail's agent. Process Server Aff. (Doc. No. 10-6). Admittedly, this statement is hearsay within hearsay, <u>see</u> Fed. R. Evid. 805, and thus may not be

4

admissible for the truth of the matter asserted: that someone new did, in fact, move into the apartment registered to U Got Mail.  However, the evidence is admissible, and in fact sufficient, to show Davis's lack of knowledge as to where U Got Mail and its agent are currently located.

Having satisfied the three requirements, the court finds that Davis is authorized to serve U Got Mail by publication under Alabama law.  The procedures for service by publication under Alabama law are described at Ala. R. Civ. P. 4.3(d).

### III. GEORGIA LAW

Georgia law allows service by publication in a greater number of circumstances than Alabama law does. The relevant Georgia statute allows service by publication "[w]hen the person on whom service is to be made ... cannot, after due diligence, be found within the state, or conceals himself or herself to avoid service of

the summons." Ga. Code § 9-11-4(f)(1)(A) (emphasis added). Since the requirements are listed in the disjunctive ("or"), a plaintiff needs to satisfy only one of these requirements. He therefore may be entitled to service by publication because the defendant has been avoiding service, even if he cannot show that he does not know where the recipient of service is located. See Melton v. Johnson, 249 S.E.2d 82, 85 (Ga. 1978)(allowing service by publication where location of recipient was known but recipient was avoiding service); Ragan v. Mallow, 744 S.E.2d 337, 340 (Ga. Ct. App. 2012) (same); Hutcheson v. Elizabeth Brennan Antiques & Interiors, Inc., 730 S.E.2d 514, 516 (Ga. Ct. App. 2012) (same).

For the same reasons that Davis is entitled to service by publication under Alabama law, he is therefore also entitled under Georgia law. The procedures for service by publication under Georgia law are described at Ga. Code. § 9-11-4(f)(1)(C).

                        **\*\*\***

For the foregoing reasons, it is ORDERED that plaintiff Samuel Davis's motion to serve defendant U Got Mail Transporter, LLC by publication (Doc. No. 10) is granted.

DONE, this the 16th day of April, 2014.

                               /s/ Myron H. Thompson  
                              **UNITED STATES DISTRICT JUDGE**